# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 49 consolidated with 10 C 3609 & 10 C 3610 | **DATE** | April 4, 2012 |
| **CASE TITLE** | Archie Brown (N-21714) vs. Dr. Sajjad, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to file an amended complaint [#76 in case no. 10 C 3609] is granted. His amended complaint should be filed in case no. 12 C 49. Plaintiff may proceed with his amended complaint [#12 in case no. 12 C 49] against Dr. Sajjad and Roseland Community Hospital. The Clerk shall issue summons for service of the amended complaint on these Defendants by the U.S. Marshal. The Court clarifies that its 2/13/12 order in case no. 10 C 3609 [#67] consolidated these cases for discovery only. A separate clarification order will be entered in case no. 10 C 3609. This order will be entered in only case no. 12 C 49. Plaintiff still may file an amended complaint in case no. 10 C 3610 in accordance with the Court's 3/13/12 order.

■[ For further details see text below.]  Docketing to mail notices.

# STATEMENT

Plaintiff Archie Brown, an inmate at the Western Illinois Correctional Center, has three related cases that have been consolidated for purposes of discovery. In case no. 10 C 3609, Plaintiff alleges that he told Chicago police officers that he had been prescribed psychiatric medication; that he was hearing voices telling him to kill himself; and that, after the officers ignored his complaints, he attempted suicide by cutting his wrist with a torn open soda can. In case no. 12 C 49, Plaintiff alleges that Dr. Sajjad at the Roseland Community Hospital refused to refer Plaintiff for a psychiatric consult and disregarded Plaintiff's complaints about hearing voices. In case no. 10 C 3610, Plaintiff alleges that officers at the Cook County Jail similarly ignored his complaints about hearing voices and his need for psychiatric medication, and that he later attempted to hang himself.

On March 13, 2012, at a status hearing for all three cases, Plaintiff indicated that he was going to file amended complaints in cases nos. 10 C 3610 (identifying previously unnamed jail offices) and 12 C 49 (better stating his claims against the Roseland doctor). Currently before the court is Plaintiff's amended complaint in case no. 12 C 49. Plaintiff provides some additional details about his claims against Dr. Sajjad and seeks to include Roseland Community Hospital as a Defendant. Having conducted a preliminary review, *see* 28 U.S.C. § 1915A, the amended complaint may proceed against Dr. Sajjad and Roseland Community Hospital. Plaintiff alleges in his amended complaint that he informed Dr. Sajjad that he was hearing voices and that he had been prescribed psychotropic medication, but that Dr. Sajjad refused to refer him for a psychiatric evaluation. Plaintiff further asserts that Roseland Community Hospital was aware of the failure of Dr. Sajjad and its doctors to investigate a patient's need for psychiatric care and is liable for failing to supervise its physicians. Such allegations state colorable claims of deliberate indifference. *Rice ex rel. Rice v. Correctional Medical Services*, __ F.3d __, 2012 WL 917291 at *20, 29-30 (7th Cir. March 20, 2012) (a physician may act with deliberate indifference for ignoring a serious psychological need or ignoring a suicide risk, and a corporation acting under the color of state law, such as a hospital, is treated like a municipality in a § 1983 action); *Alexander v. City of South Bend*, 433 F.3d 550, 557 (7th Cir. 2006) (§ 1983 liability against a municipality or similar entity may be established by demonstrating a

**STATEMENT**

custom of poor training or inadequate supervision). Plaintiff may thus proceed with his amended complaint against Dr. Sajjad and Roseland Community Hospital in case no. 12 C 49.

The Clerk shall issue summonses for service of the amended complaint on both Dr. Sajjad and Roseland Community Hospital, and the U.S. Marshal is directed to serve these Defendants. The Marshal may forward to Plaintiff any forms necessary for service. Plaintiff's failure to return forms to the Marshal may result in the dismissal of Defendants. The Marshal may attempt to obtain a waiver of service pursuant to Fed. R. Civ. P. 4(d), but if unable to obtain a waiver, he must attempt personal service. If Dr. Sajjad has already been served, the Marshal need not again serve him and his attorney may simply respond to the amended complaint, as opposed to the original.

Plaintiff must submit a judge's copy of all filings and must send a copy of all filings to Defendants, or to their attorney, after one enters an appearance. Plaintiff must include a certificate of service with each filing that states to whom and the date copies were mailed. Letters sent directly to the judge, as well as any submissions to the Court that do not comply with these instructions, may be returned to Plaintiff without being filed.

*[signature]*