# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 49 | **DATE** | 8/23/2012 |
| **CASE TITLE** | Archie Brown (110N04127) vs. Roseland Community Hospital, et al. | | |

**DOCKET ENTRY TEXT**

Defendants' motion to dismiss [24] is granted in part and denied in part. To the extent the Third Amended Complaint asserts state-law claims of negligence or malpractice, the claims are dismissed. The Court will read the allegations in the Third Amended Complaint as asserting only deliberate indifference claims. The motion to dismiss is denied with respect to Defendants' contention that they cannot be considered state actors under 42 U.S.C. § 1983. Defendants are directed to answer the Third Amended Complaint or otherwise plead within 30 days of this order.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff Archie Brown, currently incarcerated at the Lake County Jail, has three related suits concerning his need psychiatric medication and care in April and May 2010. In case number 10 C 3609, Plaintiff alleges that during an interrogation following his arrest, two Chicago police detectives ignored his complaints that he needed his psychiatric medication and that he was hearing voices telling him to kill himself. Allegedly, when the two detectives left the interrogation room, Plaintiff tore open a Coke can and cut his wrist. Plaintiff was subsequently taken to Roseland Community Hospital ("Roseland"), where he was treated by Dr. Sajjad. The instant suit is against Dr. Sajjad and Roseland. Plaintiff alleges that Dr. Sajjad refused to refer Plaintiff for a psychiatric evaluation or provide him with his prescribed medication, but instead, only treated his wrist. Plaintiff was then taken to Cook County Jail, where jail officers also allegedly ignored Plaintiff's need for psychiatric care and medication. A month later, Plaintiff again attempted suicide by hanging himself. Plaintiff's suit 10 C 3610 is against Cook County Jail officials.

Currently before the Court is a motion to dismiss filed by Dr. Sajjad and Roseland ("Defendants"). They contend: (1) Plaintiff may not bring state-law claims of negligence or malpractice against them, given that the complaint did not include a certifying physician's report in accordance with Illinois law 735 ILCS 5/2-622, and (2) Plaintiff may not bring federal civil rights claims against the Defendants under 42 U.S.C. § 1983 because the Defendants are not state actors. For the following reasons, the Court grants in part and denies in part their motion.

When reviewing a motion to dismiss, a court considers to be true all well pleaded allegations, as well as any inferences reasonably drawn therefrom. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). The purpose of a motion to dismiss is not to determine whether a plaintiff will ultimately succeed, but whether the complaint sufficiently asserts facts, which when accepted as true, state a valid and plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must at least "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 -77 (7th Cir. 2007); citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If a plaintiff pleads facts demonstrating that he has no claim, a court may dismiss the complaint. *McCready v. eBay,*

| STATEMENT |
|---|

*Inc.*, 453 F.3d 882, 888 (7th Cir. 2006); *Tamayo*, 526 F.3d at 1086. A court may also dismiss claims, to which affirmative defenses apply, if the defenses are so plain from the face of the complaint such that the claim can be regarded as frivolous. *Turley v. Gaetz*, 625 F.3d 1005, 1013 (7th Cir. 2010), citing *Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002).

Defendants' contention that Brown cannot bring state-law claims because he did not include a certifying physician's report with his complaint is correct. Although Plaintiff's Third Amended Complaint (which is actually the first amended complaint), for the most part, asserts only federal § 1983 claims, he does state at the beginning of the complaint that Dr. Sajjad and Roseland should be held liable for deliberate indifference, "medical negligence," and "negligent failure to identify mental illness." [12 at 1.] The complaint thus appears to include state-law claims of negligence against both Defendants.

Illinois law requires a plaintiff to file a physician's report with every complaint alleging malpractice. 735 ILCS 5/2-622. The report must affirm that a qualified, licensed physician has reviewed the case and determined that "there is a reasonable and meritorious cause for the filing of such action." 5/2-622(a)(1); *see also Sherrod v. Lingle*, 223 F.3d 605, 613–14 (7th Cir. 2000). This rule is a substantive one, as opposed to simply procedural, and thus applies to Illinois state-law claims filed in federal court. *Warren ex rel. Warren v. Dart*, No. 09 C 3152, 2010 WL 4883923 at *10 (N.D. Ill. Nov. 24, 2010) (Dow, J.), citing *Chapman v. Chandra*, No. 06-cv-651, 2007 WL 1655799, at *3–4 (S.D. Ill. Jun. 5, 2007) (Reagan, J.) (collecting cases). Neither the Third Amended Complaint nor Plaintiff's original complaint includes a physician's report. The lack of the physician's report thus warrants the dismissal of any state-law medical claims.

Whether the dismissal is with or without prejudice is within the discretion of this Court. *Sherrod*, 223 F.3d at 613, citing *McCastle v. Sheinkop*, 121 Ill.2d 188, 520 N.E.2d 293, 295-96 (Ill. 1987). Courts have gone both ways with whether to dismiss with or without prejudice. *Sherrod*, 223 F.3d at 613-14 (where the physician's report filed with the complaint was insufficient, dismissal should be without prejudice to allow the opportunity to cure); *Warren ex rel. Warren*, 2010 WL 4883923 at *12 (state malpractice claims were dismissed without prejudice to allow plaintiff to submit a physician's report); *but see Hahn v. Walsh*, 686 F. Supp. 2d 829, 831, 833 (C.D. Ill. 2010); *Hill v. C.R. Bard, Inc.*, 582 F. Supp. 2d 1041, 1045 (C.D. Ill. 2008). (both courts holding that the absence of a report with a complaint, as opposed to a incomplete or insufficient report as in *Sherrod*, warranted dismissal with prejudice of the state-law claims).

In the instant case, dismissal with prejudice is appropriate. Although the introduction of the Third Amended Complaint states that Plaintiff seeks to sue both Defendants for "medical negligence" and a "negligent failure to identify mental illness," and Plaintiff occasionally describes Dr. Sajjad's actions as a "negligent failure to detect" (12 at 1, 3), Plaintiff predominantly describes Dr. Sajjad's actions as being "with malice," "deliberate[ly] indifferent," and a deliberate "turning a blind eye" to Plaintiff's condition. *Id.* at 3-6. Furthermore, in response to the motion to dismiss the state-law claims under 5/2-622, Plaintiff does not state that he seeks to supplement his complaint with a certifying physician's report, but instead, states that his complaint should not be dismissed because he sufficiently alleged federal claims of deliberate indifference. Pl.'s Resp. at 2. Accordingly, the Court dismisses with prejudice the state-law claims of medical negligence, to the extent such claims are included in the Third Amended Complaint. The Court will construe Plaintiff's allegations as asserting only § 1983 claims without any pendent state-law claims.

With respect to Defendants' contention that Plaintiff may not pursue § 1983 claims against them because they are not state actors, their motion to dismiss is denied. Civil rights claims must involve some type of government action. To state a § 1983 civil rights claim, a plaintiff must sufficiently allege that: (1) a person acting under color of state law, i.e., a state actor (2) deprived him of a right, privilege, or immunity secured by

| STATEMENT |
|---|

the U.S. Constitution or federal law. *London v. RBS Citizens, N.A.*, 600 F.3d 742, 745-46 (7th Cir. 2010).

The Defendants contend, and Plaintiff does not dispute, that Roseland, as well as its doctors and employees, are private parties. The Supreme Court has recognized, however, that private physicians may be deemed state actors when they provide medical care to inmates at a prison. *West v. Atkins*, 487 U.S. 42, 54 (1988) Although the medical care in *West* was provided at a prison, the Seventh Circuit has stated that "nothing in [*West's*] analysis suggests that the result necessarily would have been different had the care been provided at a private facility." *Rice ex rel. Rice v. Correctional Medical Services*, 675 F.3d 650, 672 (7th Cir. 2012) (citing *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 827 (7th Cir.2009) ("The state clearly does not relieve itself of its responsibility to provide medical care solely on account of the venue where those services are rendered.")); *see also Conner v. Donnelly*, 42 F.3d 220, 225–26 (4th Cir. 1994) (deeming private physician who treated prisoner's injury in physician's office outside prison to be state actor).

When determining whether private physicians and hospitals may be considered state actors, courts have looked to the relationship between the physician and prison or governmental entity and whether "the care was provided under contract with the prison in fulfillment of the prison's obligation to provide for the inmate's medical needs." *Rice* 675 F.3d at 672. Where a private physician or hospital voluntarily agreed to provide services to inmates, the providing of such services may be considered state action. *Id.* at 673 (although the Seventh Circuit indicated that state action would exist if there was an agreement to provide psychiatric services to jail inmates; the court did not actually answer the question but instead found no deliberate indifference). Conversely, an emergency room acceptance of an inmate as a patient "does not mean that it has agreed to step into the shoes of the state and assume the state's responsibility toward these persons." *Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 828 (7th Cir. 2009). "[A]n emergency medical system that has a preexisting obligation to serve all persons who present themselves for emergency treatment hardly can be said to have entered into a specific voluntary undertaking to assume the state's special responsibility to incarcerated persons." *Id.* at 827-28 (citing Emergency Medical Treatment and Active Labor Act, 42 U.S.C. § 1395dd *et seq.*).

This Court cannot determine from the complaint alone whether there was an arrangement between Roseland and the Chicago Police Department to accept arrestees for treatment. As noted by Plaintiff in his response to the motion to dismiss, his Third Amended Complaint has a pre-printed form with Roseland letterhead titled "Arrestee Medical Clearance Report," which suggests a preexisting agreement for Roseland to provide medical care for arrested persons. *See* Third Am. Compl. at Ex. B. Defendants cite to *Rappe v. McGee*, No. 11 C 1393, 2011 WL 6102016 at *3 (N.D. Ill. Dec. 7, 2011) (Kennelly, J.), wherein Northwestern Memorial Hospital and physicians there were dismissed from a § 1983 action as non-state actors. The complaint in that case, however, contained allegations and exhibits indicating that Rappe was taken to Northwestern only as an emergency patient and that no contract existed between it and Metropolitan Correctional Center. *Id.* Plaintiff's Exhibit B to the complaint in the instant case suggests that Roseland may have "enter[ed] into a contractual relationship with the [City of Chicago] to provide specific medical services to inmates." *Rodriguez*, 577 F.3d at 827. If a more fully developed record demonstrates that no agreement existed between Roseland and the City, and that Dr. Sajjad's treatment of Plaintiff was solely because Plaintiff was presented as an emergency patient, Defendants may re-raise their argument in a summary judgment motion. However, Plaintiff's Third Amended Complaint cannot be dismissed on a motion to dismiss based upon Defendants' contention that they cannot be considered state actors under § 1983.

For the reasons stated above, Defendants' motion to dismiss [24] is granted in part and denied in part. To the extent the Third Amended Complaint asserts state-law claims of negligence or malpractice, the claims are dismissed. The Court will read the allegations in the Third Amended Complaint as asserting only deliberate indifference claims. The motion to dismiss is denied with respect to Defendants' contention that they cannot be

| STATEMENT |
|---|
| considered state actors under § 1983. Defendants are directed to answer the Third Amended Complaint or otherwise plead within 30 days of the date of this order.<br><br>*[signature]* |